UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD F. HOIRUP, JR., *on his own behalf and on behalf of all persons similarly situated*,

       *Plaintiff*,

       v.

PROFESSIONAL ENGINEERS IN CALIFORNIA GOVERNMENT

       *Defendant*.

**Civil No. CIV-S-02-662 GEB PAN**

**CLASS ACTION**

**ORDER**

    This matter comes before the Court on the unopposed motion for an award of attorneys' fees under Fed. R. Civ. P. 23(h).  The Court has considered the motion, related memoranda and declarations, and based upon the court's findings of fact and conclusions of law as set forth below, the motion is GRANTED.

**I.    Findings of Fact**

    This lawsuit was filed on March 28, 2002, under 42 U.S.C. § 1983 by the plaintiff, Donald Hoirup, a nonunion California state employee who alleged, on his own behalf and on behalf of approximately 2700 bargaining unit members, that his First Amendment rights were violated through the involuntary withholding from wages of union fees absent constitutionally adequate notice of the fees' basis, and in constitutionally excessive amounts.

    The plaintiff alleged two constitutional violations.  First, the plaintiff alleged that the financial disclosure provided to agency fee payers was not properly audited and hence did not meet the

1  requirements of <u>Teachers Local No. 1 v. Hudson</u>, 475 U.S. 292 (1986).  Thus, the plaintiff alleged that
2  the involuntary collection of agency fees violated the Constitution.  The plaintiff sought, among other
3  remedies, restitution of the nonchargeable portion of the agency fees and nominal damages.  Second,
4  the plaintiff alleged that nonunion bargaining unit members were required to subsidize certain union
5  political activities which constituted a separate constitutional violation under the precedent of <u>Lehnert</u>
6  <u>v. Ferris Faculty Ass'n</u>, 500 U.S. 507 (1991).

7        Plaintiff filed his class action complaint on March 28, 2002, and amended the Complaint on
8  May 7, 2002 as permitted under Fed. R. Civ. P 15(a).  The defendant filed its answer and counterclaim
9  on June 28, 2002.  On July 22, 2002, the plaintiff moved for dismissal of the counterclaim.  The matter
10 was fully briefed and, upon submission to the Court, the Court dismissed the counterclaim by order
11 dated August 16, 2002.

12       On January 15, 2003, Plaintiffs moved for class certification.  By Order dated March 31, 2003,
13 this Court certified two classes pursuant to Fed. R. Civ. P. 23(b)(1)(A).  On April 14, 2003, PECG
14 petitioned the Ninth Circuit for interlocutory review of the class certification ruling.  The plaintiff
15 opposed the petition.  The Ninth Circuit stayed the matter pending resolution of <u>Wagner v.</u>
16 <u>Professional Engineers in Cal. Gov't</u>, 354 F.3d 1036 (9th Cir. 2004).  After the Ninth Circuit ruled in
17 <u>Wagner</u>, by order dated April 28, 2004, the Ninth Circuit lifted the stay and simultaneously denied the
18 Defendant's motion for interlocutory review.

19       On December 12, 2003, the parties cross moved for summary judgment.  The matter was fully
20 briefed, argued and submitted to the Court.

21       On January 14, 2004, while the summary judgment cross-motions were pending, the Ninth
22 Circuit issued its decision in <u>Wagner v. Professional Engineers in Cal. Gov't</u>, 354 F.3d 1036 (9th Cir.
23 2004).  The <u>Wagner</u> Court's ruling eliminated any potential for absent class members in this case to

24
25
26
27
28

1  recover money on the chargeability claim.[1]  Thus, the chargeability claim thereafter was advanced only

2  as an individual (i.e., non-class) claim on behalf of Plaintiff.

3      The Court issued its decision and judgment on March 31, 2004, denying in part and granting in

4  part the parties' summary judgment cross-motions.  The Court ruled that the financial disclosure

5  accompanying the Hudson notice was inadequate and ordered that new notices be issued for the years

6  under review.  The Court further held that nominal damages were not available in Hudson cases and

7  that the chargeability claim was nonjusticiable.  Plaintiff filed a Rule 59 motion seeking amendment of

8  the order and judgment.  The Court denied the motion by Order dated May 17, 2004.

9      Plaintiff timely appealed the denial of nominal damages (a class claim) and the ruling that the

10  chargeability claim was nonjusticiable (a non-class claim).  The Defendant filed a conditional cross-

11  appeal asking the appellate court to limit the payment of nominal damages so that only the class

12  representative, not the entire class, receive any nominal damages.  The Defendant also requested that,

13  to the extent the chargeability issue was justiciable, the Ninth Circuit rule that the union political

14  activity which Plaintiff contended was nonchargeable was in fact lawfully chargeable to objecting

15  nonmembers.  The Court's ruling that the notices were inadequate was not appealed.  New notices

16  were dispatched to all class members, which complied with that ruling.

17      While the appeal was pending, the Ninth Circuit issued its decision in Cummings v. Connell,

18  316 F.3d 886 (9th Cir. 2003), holding that where the class action plaintiffs prevailed in a Hudson case,

19  all class members were entitled to nominal damages.  As a result of the Cummings Court's decision,

20  PECG paid nominal damages to all members in each of the two classes certified by the District Court.

21

22

23

---

24      [1] Wagner held that only those nonmembers who registered an objection to subsidizing

25  nonchargeable union expenditures could recover money damages.  Because the number of
persons who fit that description were not sufficiently numerous to meet the numerosity

26  requirements of Rule 23(a), the chargeablility claim could no longer be advanced on behalf of a
class, and could only be advanced as an individual (i.e., non-class) claim.  At the hearing on the

27  summary judgment cross motions, counsel for both parties alerted the District Court to the effect
on the litigation of the Wagner Court's decision.  See Transcript of February 9, 2004 hearing, pp.

28  2-5.

As a result of the rulings in <u>Cummings</u> and <u>Wagner</u> and the actions undertaken by the Defendant, all relief that could have been obtained under controlling law has been obtained on the class claims.  Any class claims not previously resolved by the District Court were rendered moot.

As to the individual (<u>i.e.</u>, non-class) chargeability claim, the parties entered into a settlement agreement pursuant to which the Defendant will no longer require objecting nonmembers to subsidize the political activities which were the subject of the chargeability claim.

Because all claims not previously resolved by the District Court were rendered moot other than the claim for attorneys' fees (which was not before the Ninth Circuit), PECG moved to dismiss the appeal as moot.  The appellate court granted the motion and dismissed the case.

As a result of the appellate court's dismissal of the appeal and cross appeal in this case, the only claim that remained to be litigated was the claim for attorneys' fees.  The parties have agreed, subject to this Court's approval, that plaintiff would seek and defendant would not oppose an award of attorneys' fees in the amount of $110,000.  The settlement includes Section 1988 attorneys' fees attributable to both class and non-class claims.[2]

The parties jointly drafted a class notice which was approved by the Court and dispatched on August 4, 2006 to all members of both classes certified by the Court.  Plaintiffs' counsel has advised the Court that no objections or any other indications of opposition or intent to appear at the hearing were received.

## II.      Conclusions of law

### A.      The settlement of the attorneys fee claim is not contrary to the interests of the classes.

The district court's primary responsibility in awarding attorneys' fees is to ensure that the amount and mode of payment of attorneys' fees are fair and proper.  Where, as here, the amount has been agreed upon subject to court approval, the court must ensure that the interests of the class are protected and have not been sacrificed to the advantage of the defendant and the plaintiff's attorneys.[3]

---

[2] Settlements of non-class claims are not subject to Rule 23.

[3] <u>See, e.g.</u>, <u>Zucker v. Occidental Petroleum Corp.</u>, 192 F.3d 1323, 1397 (9th Cir. 1999) ("In a class action . . .  [t]he absence of individual clients controlling the litigation for their own

1  Although Fed. R. Civ. P. 23(h) provides that attorneys' fees in class actions cannot be paid except

2  pursuant to a Rule 54(d)(2) motion, the commentary to Rule 23(h) and Rule 54(d)(2)(B) establish that

3  fee agreements are relevant to what amount of fees should be awarded.  This is particularly true where

4  the settlement of the fee claim is not linked to compromise of any other claim and is the result of arms-

5  length negotiation by counsel for the parties who are thoroughly familiar with the case and

6  knowledgeable in this area of the law.

7          In this case, there is no risk that the fee agreement was obtained through improper compromise

8  of the underlying claims of the absent class members.  This motion seeks approval of an agreed-upon

9  amount of attorneys' fees in a suit involving numerous other claims all of which were vigorously

10  litigated and submitted to the district court for summary disposition based on a voluminous record.

11  The Court's judgment was thereafter appealed and the claims were resolved through (a) the unilateral

12  action of the defendant, which mooted the class claims, and (b) the settlement of the plaintiff's

13  chargeability claim, which was an individual, i.e., not a class action, claim.  Significantly, as a

14  condition of settling his individual chargeability claim, the plaintiff obtained PECG's agreement to not

15  charge any objecting nonmembers in the bargaining unit for the political activities which were the

16  subject of the chargeability claim.  The plaintiff and his attorneys have acted in the interests of the

17  class members and obtained relief beyond what could have been obtained through the litigation.

18          The class members have obtained all relief available under controlling law.  The attorneys'

19  fees claim was not part of the settlement of any other claim and, hence, the agreed-upon amount is

20  unaffected by any compromise of the claims of the classes.  Accordingly, the Court concludes that

21  payment of the agreed-upon amount of attorneys fees is not contrary to the interests of the classes.

22      **B.      The settlement amount is just, fair, and reasonable in view of the risks of litigating
             the claim in the District Court and, if necessary, on appeal**

23

24          Because the plaintiff prevailed on the merits of at least some of his and the class members'

25  claims under 42 U.S.C. § 1983 and the First Amendment, the plaintiff and the classes are

26  _____

27  benefit creates opportunities for collusive arrangements in which defendants can pay the
    attorneys for the plaintiff class enough money to induce them to settle the class action for too

28  little benefit to the class.").

1   presumptively entitled to an award of reasonable attorneys' fees under Section 1988.  In construing

2   Section 1988, the Ninth Circuit has held that "[p]laintiffs prevailing in a civil rights action should

3   ordinarily receive attorney's fees unless special circumstances would render such an award unjust."

4   Sable Communications v. Pacific Tel. & Tel., 890 F.2d 184, 193 (9th Cir. 1989) (citing Lummi Indian

5   Tribe v. Oltman, 720 F.2d 1124, 1125 (9th Cir. 1983)).  The Court is unaware of any special

6   circumstances which would warrant denial of attorneys' fees in this case.

7        In Allen v. Shalala, the Ninth Circuit set forth the appropriate method for calculating

8   attorneys' fees awards:

9        Under the lodestar approach, the court first determines a reasonable hourly rate.  Then
         it multiplies that rate by the number of hours reasonably expended on the litigation to
10       arrive at a presumptively reasonable fee.  This lodestar amount may then be adjusted
         by considering the twelve factors set forth in Kerr v. Screen Extras Guild, Inc., 526
11       F.2d 67 (9th Cir. 1975).

12  48 F.3d 456, 458 (9th Cir. 1995) (footnote omitted).[4]  In the Ninth Circuit, there is a strong

13  presumption that the lodestar figure represents a reasonable fee. E.g., Morales v. City of San Rafael, 96

14  F.3d 359, 364 n.8 (9th Cir. 1996).

15

16

17        [4] Although Allen v. Shalala involved a fee petition pursuant to 42 U.S.C. § 406(b)(1), not
18  section 1988, the Ninth Circuit noted in a footnote that this approach also is followed in fee
    requests pursuant to 42 U.S.C. § 1988.  See 48 F.3d at 458 n.2 (citing Gates v. Deukmejian, 987
19  F.2d 1392, 1397 (9th Cir. 1992)).

20        The twelve Kerr factors are
21
22        1) the time and labor required; 2) the novelty and difficulty of the questions
          involved; 3) the skill requisite to perform the legal service properly; 4) the
23        preclusion of other employment by the attorney due to acceptance of the case; 5)
          the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations
24        imposed by the client or the circumstances; 8) the amount involved and the results
          obtained; 9) the experience, reputation, and ability of the attorneys; 10) the
25        undesirability of the case; 11) the nature and length of the professional
          relationship with the client; and 12) awards in similar cases.
26

27  Kerr, 526 F.2d at 70; see also G & G Fire Sprinklers, Inc. v. Bradshaw, 136 F.3d 587, 600 (9th
    Cir. 1998) (citing and reaffirming necessity of Kerr factors, but holding that not every factor need
28  be addressed by district court).

1        As reflected in their respective declarations, and supported by contemporaneously-maintained

2 time records, the plaintiff's attorneys expended the following hours in prosecuting this case.

3        This case involved numerous complex issues involving an arcane area of the law and

4 numerous issues of first impression.  The parties engaged in extensive discovery.  The parties

5 exchanged expert reports on the subject of applicable accounting standards and the defendant's

6 adherence to them.  These reports were later supplemented.  Discovery disputes arose that required full

7 briefing and oral argument.  One dispute was submitted to the magistrate judge assigned by this Court;

8 another dispute was resolved by the United States District Court for the Central District of California.

9 The record submitted to the District Court was voluminous.

10        Defendants filed an interlocutory appeal of the District Court's class action ruling which

11 required a response in opposition by the plaintiff.  The District Court's final order was appealed to the

12 Ninth Circuit.  The parties participated in mediation.

13        The agreed-upon amount of attorneys' fees was reached only after informal discovery was

14 undertaken and all time records and records of expenses were produced to the defendant's attorney,

15 which were reviewed and examined by him and later filed with the Court.  The parties' attorneys are

16 experienced in litigation involving the issues which were the subject of the complaint.

17        The settlement includes the claim for attorneys' fees for all work conducted in the case, past

18 and future, in the district court and in the court of appeals.[5]

| Attorney | Hours Expended | Hourly Rate | Lodestar Calculation |
|---|---|---|---|
| Mark J Beutler | 505.10 | $250 | $126,275.00 |
| Steven R. Burlingham | 4.5 | $250 | $1,125.00 |
| Milton L. Chappell | 25.40 | $275 | $6,985.00 |
| John R. Martin | 141.55 | $200 | $28,310.00 |
| Hilary Funk | 131.90 | $150 | $19,785.00 |
| Legal Assistants | 15.00 | $100 | $1,500.00 |

---

[5] Although the District Court ordinarily has no jurisdiction over the claim for attorneys' fees for appellate litigation, the fact that the settlement includes fees incident to appellate litigation would be relevant to the District Court's determination that the amount sought is fair and reasonable.

| **TOTAL** | 823.45 | | $183,980.00 |
|-----------|--------|-|-------------|

The Court finds that the standard hourly rate in the Sacramento area for attorneys with the qualifications of the attorneys who provided substantial work in connection with this litigation are as follows: Milton L. Chappell ($275), Mark Beutler ($250), and Steven R. Burlingham ($250), John Martin ($200), and Hilary Funk ($150).  In addition, the Court finds that the prevailing hourly rate for legal assistants is $110.[6]   Justification for these rates is set forth in the declarations of these individuals, which detail their qualifications.  In addition, supporting declarations were also filed by Kevin Snyder, Esq., and Larry Caldwell, Esq., attorneys competent to testify as to the prevailing market rates in Sacramento for civil rights attorneys with the plaintiff's attorneys' qualifications.

In an agency fee case involving similar issues litigated before another Judge of this Court during the period this case was litigated, a commissioner appointed by the Ninth Circuit awarded attorneys' fees for the appeal at the rate of $275 per hour.[7]   In that case, the district court, in 2001, awarded fees in the amount of $250 per hour.  See Cummings v. Connell, 177 F. Supp. 2d 1079 ( E.D. Cal. 2001).

The attorneys' fees claimed herein were reduced to account for limitation in the success of the litigation occasioned by the fact that the plaintiff originally sought restitution of the nonchargeable portion of the agency fee for all class members including those who failed to register an objection. While the case was pending, the Ninth Circuit issued its decision in Wagner foreclosing that remedy for nonobjectors.  A further reduction was warranted to account for time expended that was excessive, redundant, or otherwise unnecessary.  Thus, the agreed upon amount sought herein contains a substantial reduction attributable to activities which proved to be unproductive or partially productive. In light of these adjustments to the lodestar, the Court finds that the amount sought is fair and

---

[6] United Steelworkers v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) (time spent by law clerks and paralegals is compensable).

[7] Order of Appellate Commissioner, Cummings v. Connell, Nos. 03-17095, 04-14154, and 04-15186 (9th Cir. Apr. 24, 2006).

1 reasonable.  As stated above, under the law of this Circuit, this "lodestar figure" is "presumptively

2 reasonable."

3      Further, as their actual costs and expenses for this case, the plaintiffs claim: $4,349.42 for out-

4 of-town travel, meals and lodging; $4,183.68 for court reporter fees; $529.00 for court fees; $484.76

5 for copying costs; $235.48 for service of process fees; $41.00 for witness fees; and $86.00 in

6 miscellaneous expenses.  Out-of-pocket litigation expenses are reimbursable as part of the attorneys'

7 fee, distinct from costs.  <u>Harris v. Marhoefer</u>, 24 F.3d 16, 19 (9th Cir. 1994).

8      Thus, the lodestar calculation of the plaintiff's attorneys' fees and actual expenses and costs,

9 equals $193,889.34.  As stated, the parties have compromised this claim to account for limitation in

10 the success achieved, and to account for unproductive or excessive time expenditures.  The Court

11 concludes that the amount sought – $110,0000 – is reasonable and hereby awards it to the plaintiff.

12      For the foregoing reasons, the Court grants the unopposed motion and awards the plaintiff

13 reasonable attorneys' fees in the amount of $110,000.

14 Dated:  September 27, 2006

15

16                     <u>/s/ Garland E. Burrell, Jr.</u>
                    GARLAND E. BURRELL, JR.

17                     United States District Judge

18

19 Prepared and submitted by:

20

21 _____
MILTON L. CHAPPELL (admitted *pro hac vice*)

22 MARK J. BEUTLER (admitted *pro hac vice*)
JOHN R. MARTIN (admitted *pro hac vice*)

23 c/o National Right to Work Legal
  Defense Foundation, Inc.

24 8001 Braddock Road, Suite 600
Springfield, Virginia  22160

25 (703) 321-8510
*Attorneys for Plaintiff*

26

27 Seen and agreed by:

28 _____

1  JEFFREY B. DEMAIN, (126715)
   LINDA LYE (215584)
2  Altshuler, Berzon, Nussbaum, Rubin & Demain
   177 Post Street, Ste. 300
3  San Francisco, CA 94108
   (415) 421-7151
4  *Attorneys for the Defendant*

5

6

7

8

9

10

11                                        G:\DOCS\GEB\DGEB2\ORDERS FOR SIGNATURE\proposed order fees.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28